## 20420. ALEXANDER *v.* ALEXANDER-SEEWALD CO.

DECIDED FEBRUARY 17, 1931.

*Hewlett & Dennis,* for plaintiff.

*John P. Stewart, W. D. Thomson,* for defendant.

BROYLES, C. J.  Fred D. Alexander brought suit against Alexander-Seewald Company, a corporation, and alleged that Ozburn-Abston & Company was a corporation in which the petitioner owned stock, that the defendant company entered into the exclusive possession of all the property of every kind of the said Ozburn-Abston & Company; that said entry and possession were effected under some pretended contract of sale or merger wherein the assets of the said Ozburn-Abston & Company were valued by the defendant company at $109,813.88; that said pretended sale or merger took place without any corporate action or authority from Ozburn-Abston & Company, and, as to plaintiff, is unlawful, and that said possession and control of the assets of said corporation is, as to petitioner, unlawful; that at the time of said pretended merger the petitioner's stock in Ozburn-Abston & Company was worth $20,096.15, and that the possession and control of said corporation assets by the defendant company has rendered petitioner's stock valueless; that the defendant company has not paid petitioner for his said stock and has paid him no sum for damage caused by the taking over of the assets of said Ozburn-Abston & Company, and that by reason of the foregoing facts the defendant company has damaged petitioner in the sum of $20,096.15, together with interest.

The defendant demurred generally, alleging that the plaintiff's petition sets forth no cause of action and shows no facts entitling the plaintiff to sue the defendant. The judge of the superior court sustained the demurrer and dismissed the case.

The Ozburn-Abston & Company corporation was not made a party to the suit, and the plaintiff's petition was brought in his own name and failed to allege the refusal of the Ozburn-Abston & Company corporation to act in its corporate name for the protection of its assets. To a question certified by this court to the Supreme Court, that court answered as set out in the headnote to this opinion. See *Alexander* v. *Alexander-Seewald Co., 171 Ga. 696 (156 S. E. 616).* Under this ruling the trial judge properly sustained the general demurrer to the petition.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*